UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAPPHIRE CORZO                                                              13 CV 2757 SAS

                      Plaintiff,                                       **ECF CASE**

   -against-

                                                                            **VERIFIED COMPLAINT**
THE CITY OF NEW YORK, THE NEW YORK CITY POLICE   **AND JURY DEMAND**
DEPARTMENT, and POLICE OFFICER FARRELL CONROY,

                      Defendants.
------------------------------------------------------------------------X

Plaintiff Sapphire Corzo, by her attorney Morton Buckvar, Esq., alleges as follows:

### Introduction

1.      Plaintiff Sapphire Corzo, brings this action against The City of New York, The New York City Police Department and Police Officer Farrell Conroy (hereinafter referred to as "Conroy") for damages arising out of a false arrest, false imprisonment, malicious prosecution, use of excessive force, and other unconstitutional policies, actions and common law claims that occurred on September 16, 2012.

### Jurisdiction

2.      Plaintiff brings this action against defendants to redress the deprivation of rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the common law.

3.      Plaintiff is a citizen of the State of New York. The defendants are, upon information and belief, citizens of the State of New York, and defendant City of New York is a Municipal Corporation duly organized, operating and existing by virtue of the laws of the State of New York.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1343(a) (3), and 42 U.S.C. § 1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state claims against defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C.§ 1391.

## Parties

7. Plaintiff is a resident of the State of New York.

8. Defendant City of New York operates and governs the New York City Police Department pursuant to the laws of the City and State of New York.

9. Defendant Conroy is sued individually and in his official capacity, violated plaintiff's rights. At all times pertinent hereto, defendant officer and supervisor were employed by the New York City Police Department and the City of New York.

10. At the time of the alleged incident at all times pertinent hereto, the defendant acted under color of law, of a statute, ordinance, regulation, custom, or usage.

11. Although it is plaintiff's position that service of a notice of claim is not required in this action, a Notice of Claim was served on The New York City Police Department on or about October 15, 2012 by certified mail, return receipt requested. On or about October 5, 2012, a Notice of Claim required by General Municipal Law was served on the Comptroller of the City of New York by personal service. An Amended Notice of Claim was served on the Comptroller of the City of New York by personal service on December 14, 2012. These notices set forth the facts underlying plaintiff's claim against the City of New York and its agents. The plaintiff has also appeared and testified at a hearing pursuant to General Municipal Law 50-h at the request of defendants. To date, no compensation has been offered by the City of New York in response to this claim.

12. The plaintiff has complied with all the conditions precedent to the bringing of this action and has complied with all the provisions of the statutes in such cases made and provided, in that the plaintiffs have presented their claim to the Comptroller of the City of New York for adjustment, and more than 30 days have elapsed since the presentation of said claim, and said claim remains unadjusted. The Comptroller has failed and refused to make any adjustment to said claim and the plaintiff has, prior to the bringing of this action and within 90 days after her claim arose, duly served notice upon the Comptroller of the City of New York of their intention to pursue upon the complaint as hereinafter set forth.

13. On September 16, 2012, plaintiff was arrested by a member of the New York City Police Department and brought to a New York City Police Department precinct. Charges were then filed against her for disorderly conduct. She was given a summons and subsequently released after being detained.

14. In the course of arrest, plaintiff was assaulted and battered, caused to suffer physical injuries, and was deprived of her constitutional rights.

15. On November 26, 2012, all charges against plaintiff were dismissed.

16. As a direct and proximate result of the acts and omissions of defendant, plaintiff continues to feel and experience severe emotional distress due to the actions of defendants. Plaintiff was forced to suffer physical pain and mental cruelty, was deprived of her physical liberty and loss of reputation. In addition, plaintiff suffered shame and humiliation, defamation of character, loss of earnings, and was forced to incur legal expenses.

17. At all times pertinent to the above-mentioned allegations, plaintiff was unarmed and did not pose a threat of death or bodily injury to defendant.

18. At no time pertinent hereto did Conroy or any other defendant officer have probable cause to believe plaintiff had committed or was committing a crime.

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS
### Defendant City of New York and Supervisors
### (Claim for Compensatory Damages)

19. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 18.

20. Conroy acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. Conroy's actions and the actions of the other defendants constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

21. Upon information and belief, at all times pertinent hereto, the City of New York permitted and tolerated a pattern and practice of unreasonable use of force by police officers.

22. Upon information and belief, the City of New York has maintained a system of review of police conduct which is untimely and cursory and therefore rendered ineffective as to permit and tolerate the unreasonable conduct by police officers.

23. The acts, omissions, systemic flaws, policies, and customs of the City of New York give tacit consent to the conduct of police officers who believe that their excessive and unreasonable use of force would not be aggressively, honestly and properly investigated; and that they would not be held accountable. Such deleterious conduct, if left unchecked, would have serious consequences for our civil liberties.

24. It is the policy and practice of the City of New York to employ certain police officers, including Conroy described in the foregoing paragraphs.

25. It is the policy and practice of the City of New York to authorize certain officers, including defendant Conroy, to arrest and detain certain individuals, despite the lack of probable cause. This policy and practice of the City of New York encourages and causes constitutional

4

violations by police officers of the City of New York, including the violation of plaintiff's constitutional rights by defendant Conroy described in the foregoing paragraphs.

26.     At all times pertinent hereto, defendant Conroy and other unknown supervisors who supervised the officer, who unlawfully violated plaintiff's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs. Defendant City of New York refuses to adequately train, direct, supervise, or control defendant officers so as to prevent the violation of plaintiff's constitutional rights and/or the use of excessive force.

27.     At all times pertinent hereto, defendant Conroy was acting within the scope of his employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices were enforced by defendant City of New York, and were the moving force, proximate cause, or affirmative link behind the conduct causing the plaintiff's injury. The City of New York is therefore liable for the violation of plaintiff's constitutional rights by defendant Conroy.

### COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### Defendants Conroy and The New York City Police Department
### (Claim for Compensatory Damages)

28.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 27.

29.     Defendant Conroy and the New York City Police Department conspired to violate plaintiff's statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C.§ 1983, for which defendant Conroy is individually liable.

## COUNT III: ASSAULT AND BATTERY
## Defendants Conroy and The New York City Police Department
## (Claim for Compensatory Damages)

30. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 29.

31. The use of force by defendant Conroy when defendant had no lawful authority to arrest plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendant or others, was without justification or provocation, was excessive, and constitutes assault and battery for which defendant Conroy is individually liable.

32. As a proximate result of the assault and battery committed by defendant Conroy, plaintiff has been left sick, sore and disabled, has sustained permanent injuries, and has and will incur medical expenses and loss of income. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental and physical.

## COUNT IV: ASSAULT AND BATTERY
## Defendants Conroy and The New York City Police Department
## (Claim for Exemplary Damages)

33. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 32.

34. The intentional verbal abuse of plaintiff by defendant, and the use of nondeadly force when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, when defendants did not have lawful authority to arrest plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendants Conroy and The New York City Police Department
### (Claim for Compensatory Damages)

35. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 34.

36. Defendant Conroy intentionally arrested and abused plaintiff in a manner that was extreme, outrageous, and unjustified, and caused plaintiff to suffer emotional distress for which defendant Conroy is individually liable.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendants Conroy and The New York City Police Department
### (Claim for Exemplary Damages)

37. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 36.

38. The intentional arrest and verbal abuse of plaintiff by defendant Conroy was unjustified and done with actual malice and wanton indifference to a deliberate disregard for the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

### COUNT VII: RESPONDEAT SUPERIOR LIABILITY
### Defendant City of New York
### (Claim for Compensatory Damages)

39. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 38.

40. At all times pertinent here to, defendant Conroy was acting within the scope of his employment as an officer of the New York City Police Department and an employee of the City of New York.

41. The defendant City of New York and New York City Police Department engaged in a pattern and a practice of ignoring, acquiescing, tolerating, allowing and/or encouraging members of the New York City Police Department, such as defendant Conroy, to use excessive force and/or

detaining and/or arresting persons without probable cause; in that the person had committed or was committing a crime, and in doing so ratified defendant Conroy's illegal actions.

42. The City of New York is liable for compensatory damages under the doctrine of respondeat superior for the intentional tort of defendant Conroy committed within the scope of their employment.

### COUNT VIII: RESPONDEAT SUPERIOR LIABILITY
### Defendant City of New York
### (Claim for Exemplary Damages)

43. Plaintiff incorporates herein the allegations contained in paragraph 1 through 42.

44. New York City, through its agents, expressly authorized defendant Conroy to engage in such activity as false arrest; knew, through its agents, that the defendant officer had a propensity for making false arrests and committing intentional torts, including assault, battery, and use of excessive force, in the line of duty; and acquiesced in the defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against the City of New York for the malicious conduct of defendants.

### COUNT IX:
### MALICIOUS PROSECUTION, FALSE ARREST, AND FALSE IMPRISONMENT
### Defendants Conroy and The New York City Police Department
### (Claim for Compensatory Damages)

45. Plaintiff incorporates herein the allegations contained in paragraphs 1 though 44.

46. In arresting plaintiff, defendant Conroy abused his power and authority as an employee of the New York City Police Department and the City of New York and under the color of state and or local law.

8

47. Defendant Conroy falsely arrested and falsely imprisoned plaintiff, deprived plaintiff of her rights pursuant to the Constitution and laws of the United States and of the State of New York to be free from unlawful arrests and seizures.

48. By reason of defendants illegal detention of plaintiff, defendants subjected plaintiff to an unlawful search and seizure, false arrest, assault and battery, illegal imprisonment and malicious prosecution. The aforesaid is in direct violation of the Constitution and the laws of the United States and the State of New York.

46. As a proximate result of this malicious prosecution, false arrest, and false imprisonment, plaintiff suffered the damages as aforesaid.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff requests that this Court enter judgment against the defendants and award the following amounts:

a. $3,330,000.00 compensatory damages in favor of plaintiff;

b. $9,990,000.00 exemplary damages in favor of plaintiff;

c. Costs of this action, including reasonable attorney fees to the plaintiff pursuant to 42 U.S.C.§ 1988; and

d. Such other and further relief as the court may deem appropriate.

Dated: New York, New York  
January 21, 2013

Yours, etc.

Morton Buckvar  
MORTON BUCKVAR  
Attorney for Plaintiff  
11 Broadway, Suite 1054  
New York, NY 10004  
212-962-2173

9

© 1995 Blumberg Excelsior, Inc.

STATE OF NEW YORK, COUNTY OF     ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am

the attorney(s) of record for _____ in the within

action; I have read the foregoing _____ and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated: _____

*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF     ss.:

I, the undersigned, being duly sworn, depose and say: I am *the plaintiff*

☒ **Individual Verification** in the action; I have read the foregoing *Verified Complaint*

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____

a _____ corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on 10/2/1_

MORTON BUCKVAR Atty at Law
Notary Public, State of New York
No. 02BU4762483. Qual. in Nassau County
Certified in Counties of Kings & N.Y.
Commission Expires March 30, 20__

*[signature: Mortn Buckvar]*

X _Sapphire Campo_
*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF     ss.:     (If more than one box is check—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On _____ I served the within

☐ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☒ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☒ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Index No.                    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAPPHIRE CORZO,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICER FARRELL, CONROY,

Defendants.

---

VERIFIED COMPLAINT

---

Signature (Rule 130-1.1-a)

Print name beneath

---

**MORTON BUCKVAR**

*Attorney for* Plaintiff, SAPPHIRE CORZO
*Office and Post Office Address, Telephone*
11 BROADWAY, SUITE 1054
NEW YORK, N. Y. 10004
212-962-2173        212-962-2738

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**MORTON BUCKVAR**

*Attorney for*
*Office and Post Office Address*
11 BROADWAY, SUITE 1054
NEW YORK, N. Y. 10004

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at              M.
Dated,

Yours, etc.

**MORTON BUCKVAR**

*Attorney for*
*Office and Post Office Address*
11 BROADWAY, SUITE 1054
NEW YORK, N. Y. 10004

To

Attorney(s) for

1500 — Blumberg Excelsior Inc., NYC 10013